IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRESIDENTIAL CANDIDATE** | : | **No. 1:25cv1268** |
| **NUMBER P60005535 a/k/a** | : | |
| **RONALD SATISH EMRIT and** | : | **(Judge Munley)** |
| **PRESIDENTIAL COMMITTEE/** | : | |
| **POLITICAL ACTION COMMITTEE/** | : | **(Magistrate Judge Schwab)** |
| **SEPARATE SEGREGATED FUND** | : | |
| **NUMBER C00569897 d/b/a** | : | |
| **UNITED EMRITS OF AMERICA,** | : | |
|     **Plaintiffs** | : | |
| | : | |
|    **v.** | : | |
| | : | |
| **GOVERNOR WES MOORE, *et al.*** | : | |
|     **Respondents** | : | |

## ORDER

Plaintiff Ronald Satish Emrit proceeds in this matter *pro se* with a petition for leave to proceed *in forma pauperis* pending.  On July 11, 2025, Emrit filed a complaint against federal and state public officials representing the State of Maryland in the United States District Court for the Middle District of Pennsylvania. (Doc. 1).

Before the court is a Report and Recommendation ("R&R") from Magistrate Judge Susan E. Schwab. (Doc. 4).  Magistrate Judge Schwab recommends transferring this case to the United States District Court for the District of Maryland after concluding that venue is inappropriate in this district court.

On August 5, 2025, and prior to the court addressing the R&R, the Clerk of Court received a notice of appeal from Emrit requesting that this matter be sent to the Fourth Circuit Court of Appeals in Richmond, Virginia. (Doc. 5, at 1). Although Emrit has filed a notice of appeal, he did so prior to any order being issued in this case. Accordingly, the court will address Magistrate Schwab's R&R at this time.

Pursuant to the Rules of Court for the Middle District of Pennsylvania, plaintiff had fourteen (14) days to object to the R&R. M.D. PA. L.R. 72.3. No specific objections to the R&R have been filed and the time for such filing has passed. The contents of Emrit's notice of appeal indicate, however, that the plaintiff is aggrieved by the magistrate judge's recommendation. (Doc. 5, at p. 4). Emrit argues that the Middle District of Pennsylvania "is the proper venue to adjudicate this justiciable case or controversy because the federal courts in Maryland might be biased towards ruling in favor" of Maryland public officials. This statement provides the court with sufficient information to address Emrit's issues with the R&R and provide him with an order for any appellate purposes.

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The court may

2

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. Providing a complete *de novo* determination where only a general objection to an R&R is offered, however, "would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

A review of Emrit's complaint indicates that the defendants include one United States Congressman and two United States Senators serving the Maryland congressional delegation. Id. ¶¶ 19–20.  Emrit's complaint also names two Maryland elected officials as defendants. Id. ¶¶ 16–17.  Upon consideration of plaintiff's substantive allegations, all of the relevant claims against these defendants involve matters in Maryland relative to: 1) alleged violations of the Fair Housing Act and the Americans with Disabilities Act for failure to provide a housing voucher; 2) a tort claim for failure to hire the plaintiff at the University of Maryland; and 3) a tort claim related to the defendants' performance in protecting Medicare and Medicaid. (Doc. 1, ¶¶ 36–43).  Emrit himself alleges that he resides in Sarasota, Florida and Maryland. Id. ¶¶ 15, 23.

Interestingly, Emrit's complaint alleges that the United States District Court for the District of Maryland has subject matter jurisdiction over the present case.

3

Id. ¶ 24. Nonetheless, at the same time, Emrit alleges that venue is appropriate in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391 and 1400. Id. ¶ 26

Regarding the above venue allegation, Section 1400 is the venue statute relating to copyright actions and patent infringement matters. That venue statute is inapplicable to the subject matter of Emrit's claims.

Pursuant to the general venue statute, Section 1391:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Additionally, where a defendant is an officer or employee of the United States, a civil action may be brought "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the

subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C § 1391(e)(1).

Here, there are no allegations in Emrit's complaint suggesting that the Maryland elected officials named in this action are actually domiciled within the Middle District of Pennsylvania. There are no allegations connecting the claims asserted to the Middle District of Pennsylvania. As for the provisions of Section 1391(e)(1)(C), plaintiff resides in either Florida or Maryland. Emrit's venue allegations are thus defective in light of the other facts averred in the complaint.

Pursuant to 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It is in the interest of justice to transfer this matter to the District of Maryland rather than dismiss the case for a venue defect. Accordingly, the R&R will be adopted.

As for Emrit's concerns that judges in the District of Maryland "might be biased" in favor of the Maryland elected officials, (Doc. 4, at 4), the plaintiff may raise those concerns through an appropriate motion upon transfer.

Thus, for the reasons set forth above, it is hereby **ORDERED** as follows:

1) The R&R, (Doc. 4), is **ADOPTED** in its entirety;

2) The Clerk of Court is directed to transfer this case to the United States

   District Court for the District of Maryland; and

3) The Clerk of Court is directed to close this case in this court.


Date: __8/8/25__


                                        BY THE COURT:


                                        _____
                                        JUDGE JULIA K. MUNLEY
                                        United States District Court